ELIPHALET KIMBALL & *als. versus* FRANCIS DAVIS, JR.

The words " Mr. officer, attach suff." on the back of a writ sufficiently indicate to the officer the wish of the plaintiff that an attachment should be made — and the officer would be responsible for omitting to attach if in his power when so directed.

If an attachment be made without written directions, the officer making it is bound to preserve and account for the property attached.

Verbal directions as to the articles or species of property to be attached, are binding on the officer, when general directions in writing to attach have been given.

The attorney is admissible as a witness, unless there be sufficient evidence of neglect to prove that he would be liable to his principal, if he should fail in the suit in which he is called to testify.

THIS was an action of the case against the defendant, as deputy sheriff, for an alleged neglect to return upon a writ against one Thomas C. Noble, certain goods said to have been attached thereon.   Plea, the general issue.

It appeared upon the introduction of the plaintiff's writ against said Noble, that the only written order or direction thereon to the officer was in the following words, " Mr. officer, attach suff." below which were the names of the attorneys.

The return of the defendant recited an attachment of the real estate of said Noble, but contained no mention of the attachment of any goods or other personal property of said Noble.                                            .

The plaintiff then called R. H. Vose, the attorney in the original suit, to prove that he gave verbal directions to the defendant, on delivering him the writ against Noble, to attach a certain lot of goods as said Noble's property, and that the defendant subsequently said he had attached those goods.

The defendant objected to the introduction of parol testimony to vary or explain the written directions to the defendant — and also to prove that verbal directions had been given to attach personal property of Noble.

They further objected to the admissibility of Mr. Vose as a witness, on the ground of interest — and proved, that said Vose had neglected to levy upon a lot of land situated in the

village of Augusta, the title to which was in said Noble at the time of the attachment in the suit against him — but which was conveyed to another person before the rendition of judgment. They contended that upon these facts, the witness was *prima facie* liable to the plaintiffs for this neglect and had an interest in the suit. But these objections were overruled and the witness was permitted to testify, and did testify — that he gave verbal directions to make the attachment, and that the defendant admitted that he had made an attachment of the goods.

EMERY J. who tried the cause, instructed the jury that the verbal directions with the written orders on the back of the writ were sufficient.

The jury returned a verdict in favor of the plaintiffs. Exceptions were then filed to the rulings of the presiding Judge and allowed.

*J. W. Bradbury,* for the defendant. The defendant was not bound to make an attachment without written directions from the plaintiff or his attorney so to do. *Betts* v. *Norris,* 15 Maine R. 468. The words written on the back of the writ do not contain any intelligible and explicit directions, such as are binding on the officer. They ought to specify the property to be attached whether real or personal. They are vague and uncertain and therefore void. *Stackpole* v. *Arnold,* 11 Mass. R. 27 ; *Cobb* v. *Stearns,* 14 Maine R. 472 ; 3 Stark. Ev. 996.

Should the Court regard the writing on the back as written directions — the *kind* of property is not specified — and the officer would discharge his duty by attaching property real or personal — and his attachment of real estate should protect him to the extent of its value. The election of the kind of property to be attached was left with him — and he elected real estate. *Layton* v. *Pierce,* 1 Doug. 15.

Parol evidence was inadmissible to vary or explain the written directions — the ambiguity was *patent* and was to be explained by itself — or it was void for uncertainty. 3 Stark. Ev. 1000 ; *Barker* v. *Prentiss,* 6 Mass. R. 430 ; *Barker* v.

*Blake,* 11 Mass. R. 22; *Berry* v. *Morse,* 3 N. H. R. 132. Vose was interested as a witness, and should have been excluded. 3 Stark. 768; *N. Y. State Co.* v. *Osgood,* 11 Mass. R. 60.

*Vose & Lancaster,* for the plaintiff. The case of *Betts* v. *Norris* was for not attaching. This is for not keeping what was attached. Having made the attachment, the officer was bound to preserve it. The directions on the writ were sufficiently clear and explicit — if ambiguous, parol evidence was properly admitted to explain that ambiguity. *Green* v. *Lowell,* 3 Greenl. 373. The attorney or agent is properly admitted. *Phillips* v. *Bridge,* 11 Mass. R. 242.

The opinion of the Court was delivered by

SHEPLEY J. — It was decided in the case of *Betts* v. *Norris,* 15 Maine R. 468, that an officer was not obliged to make an actual attachment of property without written directions to do so. It was not decided, if he should make an attachment without such directions, that he would not be holden to preserve and account for the property. Nor that it was necessary to designate in writing the particular property to be attached. By a written order to attach, the intention is communicated, that it should be an actual attachment of property of some value, and not a nominal one ; and the officer thereby becomes entitled to the larger fee. All, which the statute does or was designed to require, is, that a written order should make this intention known. And the admission of parol evidence of the particular articles or species of property to be attached does not contradict, vary, or change the legal effect of such an order. There is nothing in the statute requiring, that such written direction should be signed by the plaintiff or his attorney ; and when it is placed on the back of the writ it must be presumed, until the contrary is made to appear, to be rightfully there.

In this case the order was not so plainly written as might be desirable or necessary for those unaccustomed to such business ; but sufficient was written, though the words were abbreviated, to make known to attorneys, officers, and others,

familiar with such business, the design. The officer appears to have understood and to have been governed by it.

Mr. Vose is not shown to have been so interested as to prevent his being a competent witness for the plaintiff. *Phillips* v. *Bridge*, 11 Mass. R. 242 ; *Union Bank* v. *Knapp*, 3 Pick. 96. He was admissible on the ground, that he was the agent of the plaintiffs, without sufficient evidence of neglect, to prove that he would be liable to them, if they should not recover against the defendant.

*Exceptions overruled.*